UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FELIPE PEREZ,

                            Plaintiff,

      v.                                          9:19-CV-0722
                                                            (TJM/DJS)

MR. COLON, MR. RUSSO, MR. WIGGINS,
WATERS, MR. TILDEN, MR. BANKS, OFFICER
JOHN DOE #1, OFFICER JOHN DOE #2, OFFICER
JOHN DOE #3, OFFICER JOHN DOE #4, OFFICER
JOHN DOE #5, OFFICER JOHN DOE #6, OFFICER
JOHN DOE #7, OFFICER JOHN DOE #8, OFFICER
JOHN DOE #9, OFFICER JOHN DOE #10, OFFICER
JOHN DOE #11, NURSE PRACTITIONER JANE DOE
REGISTERED NURSE JANE DOE, and DR. JOHN DOE,

                            Defendants.

---

FELIPE PEREZ,

                            Plaintiff,

      v.                                          9:19-CV-0824
                                                           (BKS/TWD)

MR. CARTER, SGT. JOHN DOE, MR. WATERS,
OFFICER JOHN DOE #1, OFFICER JOHN DOE #2,
OFFICER JOHN DOE #3, CHAPLAIN, and SERGEANT
COLON,

                            Defendants.

APPEARANCES:

FELIPE PEREZ
Plaintiff, pro se
17-A-5251
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.  INTRODUCTION**

On June 19, 2019, pro se plaintiff Felipe Perez ("Plaintiff") commenced a civil rights action in this Court asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Marcy Correctional Facility ("Marcy C.F."). *Perez v. Donahue, et. al.*, No. 9:19-CV-0722 (TJM/DJS), Dkt. No. 1 ("*Perez I*"). In a Decision and Order filed on August 20, 2019 (the "August Order"), Plaintiff was granted leave to proceed in forma pauperis and the defendants were directed to respond to the following claims: (1) Eighth Amendment conditions-of-confinement claims against defendant Banks; (2) Eighth Amendment excessive force claims against defendants Colon, Russo, Wigins, Waters, Tilden, Banks, Officer Does #1 through #11 related to incidents that occurred on June 9, 2019; and (3) Fourteenth Amendment claims related to unwanted medical treatment against defendants Dr. Doe and Russo.[1] *Perez I,* Dkt. No. 7.

Presently before the Court for consideration is a second pro se Complaint filed by

---

[1]  On August 26, 2019, summons were issued to defendants. Dkt. No. 8.

Plaintiff asserting claims arising out of his confinement at Marcy C.F. in June 2019. *Perez v. Carter, et. al.*, No. 9:19-CV-0824 (BKS/TWD), Dkt. No. 1 ("*Perez II*"). Plaintiff has not paid the statutory filing fee and seeks leave to proceed in forma pauperis. *Perez II*, Dkt. No. 3 ("IFP Application").

## II. IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Plaintiff's IFP Application, the Court finds that he has demonstrated sufficient economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 4. Accordingly, the Court grants Plaintiff's IFP Application.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Having found that Plaintiff meets the financial criteria for commencing this action in

---

[2] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

forma pauperis, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

4

the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Summary of the Complaint

The following facts are set forth as alleged by Plaintiff in his Complaint.

In June 2019, Plaintiff was confined in Housing Unit A2, Cell 39, in the Residential Mental Health Unit ("RMHU") at Marcy C.F. Compl. at 3. On June 9, 2019, on an Islamic holiday, between 3:00 p.m. and 11:00 p.m., Plaintiff was performing Islamic faith prayers in

5

his cell when he was "pepper sprayed without warning" by defendant Sergeant Colon ("Colon").  *Id*. at 6.

On June 17, 2019, between 7:00 a.m. and 3:00 p.m., Plaintiff attempted to speak with defendant Captain Carter ("Carter"), the Director of the RMHU.  Compl. at 3.  Carter told Plaintiff, "if you don't like what Sergeant Colon did to you and beat your ass with my officers suck it up cause [sic] the next time you'll die Perez!"  *Id*.  At or around the same time, Plaintiff told defendant Sergeant Doe ("Sgt. Doe") that he had "injuries" and requested permission to "see medical."  *Id*. at 4.  Sgt. Doe refused to allow Plaintiff to seek treatment.  *Id*.  During the same shift, defendant Waters approached Plaintiff's cell and questioned Plaintiff about his "blacked eye."[4]  *Id*. at 5.  Waters told Plaintiff, "I'd do a better job at that" and stated "if I hit you, I would of [sic] broken your eye socket."  Compl. at 5.

On June 17, 2019, between 3:00 p.m. and 11:00 p.m, Colon approached Plaintiff's cell and threatened Plaintiff with violence if he continued to ask for medical treatment.  Compl. at 4.  Colon also threatened to "spray 2 tanks of OC tear gas" in Plaintiff's cell if he refused to take his "medication."  *Id*. at 5.  Plaintiff was so "afraid" of Colon that he defecated himself.  *Id*.

Plaintiff also claims that while he was confined to the RMHU, defendants Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3 mocked Plaintiff and pointed to his black eye.  Compl. at 6.  Officer John Doe #2 told Plaintiff, "we might have to do the other eye so we can go out on workers compensation."  *Id.*

---

[4] Plaintiff has not plead facts related to how or when he sustained an injury to his eye.  However, in *Perez I*, Plaintiff claimed that Officers Russo, Wigins, Waters, Tilden, John Does #1 through #3, Colon, and Banks "assaulted" him on June 9, 2019.  *See Perez I*, Compl. at 9.

6

Construed liberally,[5] Plaintiff asserts the following: (1) First Amendment claim related to religious rights against Colon; (2) Eighth Amendment excessive force claim against Colon; (3) Eighth Amendment claims related to threats against Colon, Carter, Waters, and John Does #1 through #3; and (4) Eighth Amendment deliberate medical indifference claim against Sgt. Doe. *See generally*, Compl. Plaintiff seeks monetary damages. *Id*. at 8-12. For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the Complaint.

**C.    Nature of Action**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

The Court will construe the allegations in the Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's

---

[5]    The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## IV.    CONSOLIDATION OF *PEREZ I* AND *PEREZ II*

Actions involving common questions of law or fact pending before a court may be consolidated to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).  While courts have broad discretion to consolidate in the interests of judicial economy, efficiency concerns must be balanced against the potential for confusion or prejudice.  *Kelly v. Kelly*, 911 F.Supp. 66, 69 (N.D.N.Y. 1996).  As part of its general power to administer its docket, "a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions."  *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  A suit is duplicative where the "claims, parties, and available relief do not significantly differ between the two actions."  *Morency v. Vill. of Lynbrook*, 1 F.Supp.3d 58, 62 (E.D.N.Y. 2014).

The Complaints in *Perez I* and *Perez II* assert claims related to the incidents that occurred at the RMHU in June 2019.   Waters, Colon, and Officers John Does 1 through 3 (on duty from 3:00 p.m. to 11:00 p.m. on June 9, 2019) are named as defendants in both actions.  While the remaining defendants in the two actions are different, due to the common questions of law and facts in *Perez I* and *Perez II*, the two lawsuits will be consolidated in order to avoid the risks associated with duplicative actions and prevent the defendants from having to defend against two actions involving overlapping factual allegations.  *See Jones v. Nassau Cty. Corr. Inst.*, No. 14-CV-1217, 2014 WL 1277908, at *3 (E.D.N.Y. Mar. 26, 2014) (consolidating cases despite the fact that the named defendants were different).  The lead case is designated as *Perez I*, and the member case will be transferred from the undersigned

8

to Senior District Judge Thomas J. McAvoy. All further Orders of the Court and papers submitted by the parties that pertain to either of the foregoing actions shall be filed in *Perez I*.

## V. ANALYSIS

### A. First Amendment - Freedom of Religion

Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system." *Id*. (citing *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)). "To assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers some legitimate penological objective." *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988) (citations omitted). A prisoner "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591).[6] A religious belief is "sincerely

---

[6] The Second Circuit has yet to decide whether the "substantial burden" test survived the Supreme Court's decision in *Emp't Div. v. Smith*, 494 U.S 872, 887 (1990), in which the Court suggested that application of the test "puts courts in 'the unacceptable business of evaluating the relative merits of differing religious claims." *Ford*, 352 F.3d at 592 (quoting *Emp't Div*., 494 U.S. at 887); *see also Williams v. Does*, 639 Fed. Appx. 55, 56 (2d Cir. May 6, 2016) ("We have not yet decided whether a prisoner asserting a free-exercise claim must, as a threshold requirement, show that the disputed conduct substantially burdened his sincerely held religious beliefs."); *Holland v. Goord*, 758 F.3d 215, 220-21 (2d Cir. 2014) (declining to decide whether a prisoner must show, as a threshold matter, that the defendants' conduct substantially burdened his sincerely held religious beliefs in connection with a First Amendment free exercise claim). In the absence of any controlling precedent to the contrary, I have applied the substantial-burden test in this matter.

9

held" when the plaintiff subjectively, sincerely holds a particular belief that is religious in nature. *Ford*, 352 F.3d at 590. A prisoner's sincerely held religious belief is "substantially burdened" where "the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 476–77 (2d Cir. 1996). Once a plaintiff establishes that a sincerely held religious belief has been substantially burdened, "[t]he defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct; the burden remains with the prisoner to show that these articulated concerns were irrational." *Salahuddin*, 467 F.3d at 275 (quoting *Ford*, 352 F.3d at 595) (punctuation omitted).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's First Amendment Free Exercise claim against Colon survives sua sponte review and require a response. *See Shakur v. Selsky*, 391 F.3d 106, 120 (2d Cir. 2004) (finding that the District Court erred when it *sua sponte* dismissed prisoner's First Amendment claim asserting that the defendants had refused to allow prisoner to attend the feast of Eid ul Fitr). In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### B. Eighth Amendment - Excessive Force

In *Perez I,* the Court directed Colon to respond to Plaintiff's Eighth Amendment claims related to the use of pepper spray on June 9, 2019. *Perez I*, Dkt. No. 7 at 9. To the extent that Plaintiff attempts to assert an Eighth Amendment excessive force claim against Colon based upon the June 9, 2019 incident, that claim is dismissed as duplicative.

### C. Eighth Amendment - Threats

Allegations of verbal harassment or abuse, without an allegation of an actual injury, are insufficient to support a § 1983 claim. *Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ). The intentional infliction of psychological pain may constitute an Eighth Amendment violation only if the pain is not de minimis. *See Jermosen v. Coughlin*, No. 87-CV-6267, 1993 WL 267357 at *6 (S.D.N.Y. July 9, 1993), aff'd, 41 F.3d 1501 (2d Cir. 1994) (finding that officers' approach "with their nightsticks raised in a threatening position was not enough to cause the degree of psychological pain which rises to the level of a constitutional violation"); *Greene v. Mazzuca*, 485 F.Supp.2d 447, 451 (S.D.N.Y. 2007) (being yelled at, spit at, and threatened with time in the SHU, without an allegation of serious injury or damage, did not rise to the level of a § 1983 claim).

In this case, given the severity of the alleged conduct, i.e., the alleged assault(s) on June 9, the presence of the same officers on June 17, and the conduct on June 17, as well as Plaintiff's alleged harm, the Court finds that, at this point, Plaintiff's injurious threats cause of action survives initial review and requires a response from Colon, Carter, Waters, Officer John Doe #1, Officer John Doe #2, and Officer John Doe #3. This is not a ruling on the merits and the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[7]

### D. Eighth Amendment - Medical Indifference

---

[7] Because some of the Eighth Amendment claims are asserted against corrections officers whose names are not known to Plaintiff, service of process cannot be effected on them unless and until these individuals have been identified by name. If Plaintiff wishes to pursue his claims against defendants Officer John Does 1, 2, and 3, he must take reasonable steps to ascertain through discovery the identity of those individuals. Upon learning the identities of the unnamed defendants, Plaintiff must amend the operative complaint to properly name those individuals as parties. If Plaintiff fails to ascertain the identity of the John Doe defendants so as to permit timely service of process, all claims against those individuals will be dismissed.

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Blyden*, 186 F.3d at 262 (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

"Non-medical prison personnel engage in deliberate indifference where they 'intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel.' " *Baumann v. Walsh*, 36 F.Supp.2d 508, 512 (N.D.N.Y. 1999).

Construing the Complaint liberally, Plaintiff alleges that Sgt. Doe refused to allow him to receive medical treatment for injuries that he sustained during a physical altercation. *See* Compl. at 4. The Complaint however, lacks facts related to the nature of the treatment sought or the injuries he allegedly suffered. Plaintiff has not pleaded that he told Sgt. Doe was that he was in extreme pain and has failed allege that Sgt. Doe was present during the

12

alleged altercation(s) or that he was otherwise aware that Plaintiff's condition was severe. As presently constituted, the pleading does not plausibly allege that Plaintiff had serious medical needs or that Sgt. Doe knew of and disregarded an excessive risk to Plaintiff's health or safety.

Consequently, Plaintiff's Eighth Amendment deliberate medical indifference claims against Sgt. Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### E. Claims Against Chaplain

Plaintiff names the Chaplain as a defendant in the caption and list of parties. Compl. at 1, 7. However, Plaintiff did not attribute any of the alleged constitutional violations to the Chaplain. Indeed, this defendant is not referenced anywhere in the body of the Complaint. In the absence of factual allegations sufficient to plausibly suggest that the defendant was personally involved in conduct that violated Plaintiff's constitutional rights, the complaint fails to state a cognizable claim against him/her. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint). Accordingly, Plaintiff's claims against the Chaplain are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### VI. CONCLUSION

13

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's in forma pauperis application (Dkt. No. 3) is **GRANTED**;[8] and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court provide a copy of Plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk shall consolidate Civil Actions Nos. 9:19-CV-0722 (TJM/DJS) and 9:19-CV-0824 (BKS/TWD), with the first of those two actions being designated as the lead case;

**ORDERED** that all future filings in these cases are to be filed in the docket for case No. 19-CV-0722; and it is further

**ORDERED** that the Clerk shall reassign *Perez II* to the Senior Judge Thomas J. McAvoy and Daniel J. Stewart as the assigned Magistrate Judge, add to this action the defendants in *Perez II* who are not already defendants in this action, re-docket Complaint in *Perez I*, and attach to it the Complaint in *Perez II*, which together shall represent the master consolidated Complaint; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** for failure to

---

[8] Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

state a claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b): (1) Eighth Amendment excessive force claim against Colon; (2) Eighth Amendment deliberate medical indifference claim against Sgt. Doe; and (3) claims against the Chaplain;[9] and it is further

**ORDERED** that the following claims survive sua sponte review and require a response: (1) First Amendment Free Exercise claim against Colon; and (2) Eighth Amendment claims related to threats against Colon, Carter, Waters, and John Does #1, #2, and #3; and it is further

**ORDERED** that the Chaplain is **DISMISSED** as a defendant herein; and it is further

**ORDERED** the Clerk shall issue a summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that Plaintiff shall take reasonable steps through discovery to ascertain the identity of defendants Officer Does #1 through #3. **Plaintiff's failure to timely serve those defendants will result in dismissal** of the claims asserted against them and termination of those defendants from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action

---

[9] Should Plaintiff seek to pursue a claim dismissed without prejudice by the Court herein, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

15

must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

    Dated:  October 11, 2019

*[Signature]*
Brenda K. Sannes
U.S. District Judge