**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FELIPE PEREZ,

                                    Plaintiff,

    - v -                                                     9:19-CV-722
                                                               (GTS/DJS)

MR. COLON, *et al.*,

                                    Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

FELIPE PEREZ
Plaintiff, *Pro Se*
17-A-5251
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562 04-B-2100

HON. LETITIA JAMES                     NICHOLAS L. ZAPP, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 alleging violation of various constitutional rights. *See generally* Dkt.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

No. 1, Compl. After review under 28 U.S.C. § 1915(e) & 28 U.S.C. § 1915A, the District Court dismissed certain claims, but permitted claims under the Eighth and Fourteenth Amendments to proceed. Dkt. No. 7 at p. 16. This matter was later consolidated with another action filed by Plaintiff, *Perez v. Carter*, No. 9-19-CV-824. Dkt. No. 17. This case was designated the Lead Case and *Perez v. Carter*, a Member Case. After again performing review under sections 1915(e) and 1915A, the Court directed the filing of a Consolidated Complaint and found that claims under the First and Eighth Amendment should proceed. Dkt. No. 17. The Consolidated Complaint was then docketed as the operative pleading in the case. Dkt. No. 18, Consol. Compl. Defendants now move for summary judgment dismissing the Consolidated Complaint based on Plaintiff's failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. No. 28. For the reasons which follow, the Court recommends that the Motion for Summary Judgment be granted. In the alternative, the Court also recommends dismissal of the Complaint under FED. R. CIV. P. 41 based on Plaintiff's failure to prosecute this action.

## I. FACTUAL BACKGROUND

Plaintiff's Complaint concerns several incidents that allegedly took place at Marcy Correctional Facility in June 2019. *See generally* Consol. Compl. Plaintiff first alleges that on June 9, 2019 Defendant Colon used pepper spray on him without warning while Plaintiff was praying. Dkt. No. 17 at pp. 5-6. Plaintiff then complains that he was threatened with further violence and denied medical treatment on June 17, 2019. *Id.* at p.

6. The District Court found Plaintiff's allegations sufficient to assert a First Amendment religion claim and several distinct Eighth Amendment claims. *Id.* at p. 7.

Defendants have not answered the Complaint and instead move for summary judgment based solely on the failure to exhaust. *See* Dkt. No. 28. Defendants offer evidence that on June 20, 2019 Plaintiff filed a grievance regarding Defendant Colon's alleged assault of Plaintiff. Dkt. No. 28-3, Pfendler Decl. at ¶ 12 & Ex. B. That grievance made no reference to the other allegations in the Consolidated Complaint. *Id.* No other grievances related to these allegations was filed at Marcy. *Id.* at ¶ 17. A response to that grievance was issued on July 10, 2019. *Id.* at ¶ 14 & Ex. C. Plaintiff was transferred from Marcy to Sing Sing Correctional Facility while the grievance was pending and the grievance response was mailed to his new facility. *Id.* at ¶ 15. There is no record of Plaintiff appealing that grievance to the facility Superintendent. *Id.* at ¶ 16. There is also no record of any grievances related to any incident at Marcy having been filed at Sing Sing Correctional Facility. Dkt. No. 28-4, Quick Decl. at ¶ 11. Defendants also offer evidence that there is no record of Plaintiff appealing any grievance related to this action to the final level of the grievance process, the Central Office Review Committee ("CORC"). Dkt. No. 25-5, Seguin Decl. at ¶ 12 & Ex. A. These facts are all contained in Defendants' Statement of Material Facts. *See generally* Dkt. No. 28-2.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not

to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff did not respond to the Motion for Summary Judgment. Defendants' Motion specifically advised Plaintiff of the consequences of failing to respond to the Motion. Dkt. No. 28 at p. 3. The Clerk of the Court provided Plaintiff a similar notice. Dkt. No. 30 at p. 2. When Plaintiff failed to timely respond to the Motion, the Court *sua sponte* granted Plaintiff additional time in which to do so, again advising Plaintiff of the consequences of failing to respond. Dkt. No. 35. The Court's Order was returned as undeliverable as it appears that Plaintiff has been released from DOCCS custody. Dkt. No. 36.

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). However, when a motion for summary judgment is unopposed, the court may "grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to

it." FED. R. CIV. P. 56(e)(3); *see also* N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion."). Moreover, all properly supported facts set forth in Defendants' Statement of Material Facts that have not been specifically controverted shall be deemed admitted. N.D.N.Y.L.R. 7.1(a)(3).

### B. Exhaustion under the Prison Litigation Reform Act

Defendants seek summary judgment solely on the ground that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit. Dkt. No. 28-1, Defs.' Mem. of Law.

*1. The Grievance Process*

The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft

6

exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. 7 N.Y.C.R.R. § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the CORC makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a *bona fide* case of harassment. *Id.* at §§ 701.8(b) & (c).

### 2. Plaintiff's Failure to Fully Exhaust his Claims

While acknowledging that Plaintiff did file a grievance related to a claim at issue in this litigation, Defendants seek summary judgment on the ground that Plaintiff did not proceed through the entire inmate grievance process prior to commencing this action and, therefore, his claims are not exhausted. Defs.' Mem. of Law at pp. 6-10.

The record before the Court establishes that Plaintiff filed a grievance at Marcy Correctional Facility on June 20, 2019. Pfendler Decl. at ¶ 12 & Ex. B. That grievance referenced an alleged use of excessive force on June 9, 2019. *Id.* It made no reference to the other allegations identified in the Court's initial review orders or the Consolidated Complaint. *See id.* at Ex. B. Plaintiff was subsequently transferred to Sing Sing Correctional Facility, but filed no grievances there regarding the allegations made in this case. Quick Decl. at ¶ 11.

A decision on the grievance filed at Marcy Correctional Facility was issued on July 10, 2019. Pfendler Decl. at ¶¶ 14-15. Plaintiff did not appeal the grievance denial to the next step in the process, the Superintendent. *Id.* at ¶ 16. In addition, no grievance

8

appeal to CORC was ever filed regarding the allegations set forth in the Consolidated Complaint. Seguin Decl. at ¶¶ 11-12. As a result, the Complaint in this action was filed without Plaintiff receiving a decision from either the Superintendent or CORC. "To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by the CORC, must be completed *before an action asserting that claim may be filed in court.*" *Haywood v. Fuller*, 2019 WL 2442142, at *3 (N.D.N.Y. June 12, 2019) (citing cases) (emphasis added); *see also Gibbs v. Gadway*, 2019 WL 5191506, at *3 (N.D.N.Y. Oct. 15, 2019), *report and recommendation adopted*, 2020 WL 1227156 (N.D.N.Y. Mar. 13, 2020) (finding a failure to exhaust due to absence of evidence establishing an appeal was taken to CORC).

The exhaustion requirement is designed to permit prison officials to address inmate concerns before the commencement of litigation. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Here, the facts are not disputed that Plaintiff proceeded to this Court before fully exhausting the available DOCCS procedures. He thus failed to fully exhaust and the Complaint should be dismissed.

*3. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused*

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the

9

administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019). Given Plaintiff's failure to oppose the Motion, no basis appears on the record for concluding that DOCCS' grievance procedure was unavailable to him.

### III. PLAINTIFF'S FAILURE TO PROSECUTE

In the alternative, dismissal of the Complaint is also appropriate here based on Plaintiff's failure to prosecute this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All**

**attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)).  Plaintiff was specifically advised of this obligation.  Dkt. No. 7 at p. 17.  A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b).  As then-District Judge Pooler observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).  Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998).  The Court has not had any communication from Plaintiff since January 2020. Dkt. No. 33.  Plaintiff, despite several notices about his obligation to do so, did not respond to the Motion for Summary Judgment.  Plaintiff was released from DOCCS custody on March 12, 2020.  Dkt. No. 36; *Inmate Lookup*, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited June 16, 2020).  The Court's most recent Order was returned as undeliverable. Dkt. No. 36.  As a result, the Court has no means by which to effectively communicate with him.  The Court finds that this period

of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address is a basis for dismissal. *Fenza v. Conklin*, 177 F.R.D. at 127.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, I recommend that this action be dismissed.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion for Summary Judgment (Dkt. No. 28) be **GRANTED**; and, in the alternative, it is further

**RECOMMENDED**, that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 41 based on Plaintiff's failure to prosecute; and it is further

**RECOMMENDED**, that the Complaint be Dismissed; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action at their last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   June 16, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge